MORGAN, LEWIS & BOCKIUS LLP
Carrie A. Gonell, Bar No. 257163
carrie.gonell@morganlewis.com
David J. Rashé, Bar No. 318400
david.rashe@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:  +1.714.830.0600
Fax:  +1.714.830.0700
Attorneys for Defendant FIVE BELOW, INC.

HAIG B. KAZANDJIAN LAWYERS, APC
Haig B. Kazandjian, Esq. SBN: 278622
haig@hbklawyers.com
Melissa Robinson, Esq. SBN: 336951
melissa@hbklawyers.com
801 North Brand Boulevard, Suite 970
Glendale, California 91203
Tel. 818.696.2306 Fax:  818.696.2307
Attorneys for Plaintiff NATHANAEL PORRAS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANAEL PORRAS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIVE BELOW, INC., a Pennsylvania Corporation; and DOES 1 through 50, inclusive; <br><br> Defendants. | Case No.  2:23-cv-05299-MDG <br><br> Assigned to Hon. Dolly M. Gee Courtroom 8C <br><br> **STIPULATION TO ARBITRATE; PROPOSED ORDER** <br><br> Complaint Filed:  May 25, 2023 (Los Angeles Superior Court, Case No. 23GDCV01090) <br><br> Trial Date: None Set |

1    IT IS HEREBY STIPULATED by and between Plaintiff NATHANAEL PORRAS ("Plaintiff") and Defendant FIVE BELOW, INC., ("Defendant") (collectively "the Parties"), through their counsel of record, that Plaintiff's individual claims currently pending in this action shall be submitted to binding individual arbitration pursuant to the Parties' arbitration agreement (the "Agreement").  Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Agreement, whereby Plaintiff and Defendant agreed to arbitrate the claims asserted by Plaintiff in the Complaint on an individual basis.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties hereto, through their counsel of record, as follows:

1. This action entitled *Nathanael Porras v. Five Below, Inc.*, Case No. 2:23-cv-05229-MDG shall be immediately stayed and submitted to binding individual arbitration pursuant to the Parties' Agreement, the provisions of which are incorporated herein by reference.  *See* Exhibit A.

2. This Court shall dismiss this matter, but retain jurisdiction to enforce this stipulation to binding arbitration and the arbitration award rendered in the arbitration.

**IT IS SO STIPULATED.**

Dated: October 09, 2023                    MORGAN, LEWIS & BOCKIUS LLP


                                           By */s/Carrie A. Gonell*
                                           Carrie A. Gonell
                                           David J. Rashé
                                           Joseph A. Govea
                                           Attorneys for Defendant
                                           FIVE BELOW, INC.

| | | |
|---|---|---|
| 1 | Dated: October 09, 2023 | HAIG B. KAZANDJIAN LAWYERS, APC. |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Haig B. Kazandjian, Esq. |
| 5 | | Melissa Robinson, Esq.<br>Attorneys for Plaintiff |

3.

## **FILER'S ATTESTATION**

I, Carrie A. Gonell, am the ECF user whose identification and password are being used to file this Stipulation to Arbitrate.  In compliance with Local Rule 5-4.3.4(2), I hereby attest that HAIG B. KAZANDJIAN LAWYERS, APC has concurred in this filing.

Dated:  October 09, 2023                          MORGAN, LEWIS & BOCKIUS LLP


By  */s/Carrie A. Gonell*
      Carrie A. Gonell

# EXHIBIT "A"

## Mutual Arbitration Policy

In consideration of your application for employment and/or your continued employment with Five Below, Inc. or one of its subsidiaries or affiliated entities (the "Company"), your receipt of the compensation and other benefits paid to you (at the present and in the future), and the mutual promises contained in this Policy, you and the Company (collectively "the parties") agree as follows:

Any controversy, dispute or claim between You and the Company, or its current or former officers, agents or employees, will be settled by binding arbitration, at the request of either party. This Policy includes claims that the Company may have against you, or that you may have against the Company. This Policy is a binding contract between you and the Company, but does not change the at-will status of your employment.

BY BECOMING OR REMAINING EMPLOYED AFTER THE EFFECTIVE DATE OF THIS POLICY, YOU AGREE TO THE POLICY'S TERMS AND AGREE TO BE BOUND BY THEM. THIS POLICY IS A MANDATORY CONDITION OF BEING EMPLOYED OR CONSIDERED FOR EMPLOYMENT WITH THE COMPANY.

You and the Company recognize that the Company operates in many states in interstate commerce. Therefore, it is agreed that this Policy and any controversy, dispute or claim under this Policy are governed by the Federal Arbitration Act (9 U.S.C. section 1 et seq.) ("FAA"). The arbitrability of any controversy, dispute or claim under this Agreement will be determined by application of the FAA and any applicable state arbitration statute not inconsistent with the FAA. Arbitration will be the exclusive method for resolving any dispute covered by this Policy; provided, however, that either party may request from a court of competent jurisdiction provisional relief in aid of arbitration and/or to maintain the status quo.

The claims ("Claims") which are to be arbitrated under this Agreement include, but are not limited to, claims for wages and other compensation, claims for breach of contract (express or implied), claims for violation of public policy, wrongful termination, tort claims, claims for unlawful discrimination and/or harassment (including, but not limited to, race, religious creed, color, national origin, ancestry, physical disability, mental disability, gender identity or expression, medical condition, marital status, age, pregnancy, sex or sexual orientation), and claims for violation of any federal, state, or other government law, statute regulation, or ordinance. As used herein, "Claims" do not include claims related to the following: (1) claims for workers' compensation insurance benefits; (2) claims for unemployment compensation insurance benefits; (3) claims under the National Labor Relations Act; (4) claims under any employee benefit or pension/retirement plan that either (a) specifies that its claim procedure shall culminate in an arbitration procedure different from the one in this Policy, or (b) is underwritten by a commercial

insurer which decides claims, as those plan claims shall be resolved in accordance with the claims and/or dispute resolution mechanism/procedure set forth in the otherwise applicable plan documents and not by way of arbitration under this Policy; and (5) any other dispute that is not arbitrable as a matter of federal law.

This Policy shall be effective July 15, 2019, superseding any previous version of the Company's Arbitration Agreement. This Policy applies to all past, present, and future Claims between the Company and you.

THE PARTIES AGREE THAT EACH MAY BRING AND PURSUE CLAIMS AGAINST THE OTHER ONLY IN A NON-CLASS AND NON-COLLECTIVE BASIS, AND MAY NOT BRING. PURSUE, OR ACT AS A PLAINTIFF OR CLASS MEMBER, IN ANY PURPORTED CLASS OR COLLECTIVE PROCEEDING.

THE PARTIES FURTHER AGREE THAT NEITHER PARTY MAY BRING, PURSUE, OR ACT AS A PLAINTIFF OR REPRESENTATIVE IN ANY PURPORTED REPRESENTATIVE PROCEEDING OR ACTION, INCLUDING ANY CLAIMS BROUGHT AS A PRIVATE ATTORNEY GENERAL, OR OTHERWISE PARTICIPATE IN ANY SUCH REPRESENTATIVE PROCEEDING OR ACTION OTHER THAN ON A NON-REPRESENTATIVE BASIS.

**BY ASSENTING TO THIS MUTUAL ARBITRATION POLICY, BY BECOMING OR REMAINING EMPLOYED WITH THE COMPANY, THE PARTIES WAIVE THE RIGHT TO A TRIAL BY A JUDGE OR JURY IN A COURT OF THE MATTERS COVERED BY THIS AGREEMENT.**

If any provision of this Policy is determined to be illegal or unenforceable, such determination shall not affect the balance of this Policy, which shall remain in full force and effect and such invalid provision shall be deemed severable. However, if, for any reason, the waiver of class actions, collective actions, representative actions, and/or private attorney general actions is found to be unenforceable or invalid, in whole or in part, then any such class, collective, representative, or private attorney general action must be litigated and decided in a court of competent jurisdiction and not in arbitration. To the extent permitted by law, if an action includes both claims that are and claims that are not subject to arbitration, the claims that are not subject to arbitration will be stayed until the claims subject to arbitration are resolved.

Any issue concerning the enforceability or validity of the class, collective, and representative action waivers in this Policy must be decided by a court and not by an arbitrator. The arbitrator shall not have the authority to conduct any arbitration on a class, collective, or representative basis. If an arbitrator permits arbitration on class, collective, or representative basis, then the arbitrator's award allowing arbitration on a class, collective, or representative basis shall be immediately reviewable by the court as an interim final award under the FAA.

The Parties agree that any arbitration shall be conducted by one neutral arbitrator jointly selected by the Parties.  The Parties agree that any arbitration, including the arbitrator selection process, shall be conducted under the JAMS Employment Arbitration Rules and Procedures ("JAMS Rules") then in effect, except as modified by this Policy.  JAMS' Employment Arbitration Rules & Procedures can be found at http://www.jamsadr.com/rules-employment-arbitration/.  Copies are also available through the HR Department.

Any demand for arbitration must be in writing and must be made by the aggrieved party within the statute of limitations period provided under applicable state and/or federal law for the particular claim.  Failure to make a written demand within the applicable statutory period constitutes a waiver to raise that claim in any forum.  Arbitration proceedings will be held in the county where You last performed services for the Company.

The arbitrator will apply applicable state and/or federal substantive law to determine issues of liability and damages regarding all claims to be arbitrated.  The parties will be entitled to conduct reasonable discovery and the arbitrator will have the authority to determine what constitutes reasonable discovery.  The arbitrator will hear and decide motions to dismiss, motions for summary judgment, motions for partial summary judgment, or any other motion provided for in the Federal Rules of Civil Procedure and the applicable JAMS employment dispute resolution rules.  The arbitrator is authorized to award any remedy or relief that would have been available to the Parties, in their individual capacity, had the matter been heard in court. The arbitrator has the authority to provide for the award of attorneys' fees and costs to the prevailing party if such award is authorized or required by applicable law.

The arbitrator will issue a written opinion and award which will be signed and dated.  The arbitrator's award will decide all issues submitted by the parties, and the arbitrator may not decide any issue not submitted.  The arbitrator will prepare in writing and provide to the parties a decision and award which includes the reasons upon which the decision is based.  The arbitrator will be permitted to award only those remedies in law or equity which are requested by the parties and allowed by law.  Confirmation and judgment upon the award rendered by the arbitrator may be entered in any court having proper jurisdiction.

The cost of the arbitrator and other costs that are unique to arbitration that would not be incurred by You in a court proceeding will be borne by the Company.  The parties will each bear their own costs and attorney's fees in any arbitration proceeding, provided however, that the arbitrator will have the authority to require either party to pay the costs and attorney's fees of the other party, when permitted under applicable law.

This Policy is mandatory and binding on all current and former employees and applicants for employment, regardless of whether you sign or acknowledge this policy.

# DOCUMENT ACKNOWLEDGMENTS

## Acknowledgments

Please click the links below to review and acknowledge the required documents. When you have reviewed each document, click the Acknowledge button at the bottom of each page. When you have acknowledged all of the documents, click the Acknowledge button at the bottom of the screen to complete the survey.

- Asset Protection - Integrity Pledge   *(Acknowledged On August 17, 2018 12:12 PM CST)*
- Attendance Policy   *(Acknowledged On August 17, 2018 12:13 PM CST)*
- CALIFORNIA Handbook 2017   *(Acknowledged On August 17, 2018 12:14 PM CST)*
- CALIFORNIA-Arbitration Agreement   *(Acknowledged On August 17, 2018 12:14 PM CST)*
- CALIFORNIA-Arbitration Agreement Opt Out Form   *(Acknowledged On August 17, 2018 12:14 PM CST)*
- Code of Business Conduct and Ethics   *(Acknowledged On August 17, 2018 12:15 PM CST)*
- Critical Controls   *(Acknowledged On August 17, 2018 12:15 PM CST)*
- Dealing with the Press   *(Acknowledged On August 17, 2018 12:15 PM CST)*
- Distribution Critical Controls   *(Acknowledged On August 17, 2018 12:15 PM CST)*
- Employment Guidelines   *(Acknowledged On August 17, 2018 12:15 PM CST)*
- Freight Best Practices   *(Acknowledged On August 17, 2018 12:16 PM CST)*
- Insider Trading Policy   *(Acknowledged On August 17, 2018 12:16 PM CST)*
- Practicing Asset Protection   *(Acknowledged On August 17, 2018 12:16 PM CST)*
- Register Training   *(Acknowledged On August 17, 2018 12:17 PM CST)*
- Seasonal Contract   *(Acknowledged On August 17, 2018 12:17 PM CST)*
- Service Standards   *(Acknowledged On August 17, 2018 12:18 PM CST)*
- Store Information Security Policies and Procedures   *(Acknowledged On August 17, 2018 12:18 PM CST)*
- The High Fives of Customer Service   *(Acknowledged On August 17, 2018 12:19 PM CST)*
- Use It or Lose It   *(Acknowledged On August 17, 2018 12:24 PM CST)*
- Whistleblower Policy   *(Acknowledged On August 17, 2018 12:24 PM CST)*
- Worker's Compensation Act   *(Acknowledged On August 17, 2018 12:24 PM CST)*

Exhibit A - Page 5

**Document Acknowledgments**

---

Acknowledged **August 17, 2018 12:24 PM CST** by **nathanael Porras, #526862**.
Version **1.00** (May 30, 2016 02:50 PM CST).